**In re: WHOLESALE GROCERY PRODUCTS ANTITRUST LITIGATION.**

**D & G, Inc., et al.**

**v.**

**Supervalu, Inc., et al., D. Minnesota, C.A. No. 0:09–983**

**DeLuca's Corp.**

**v.**

**C & S Wholesale Grocers, Inc., et al., D. New Hampshire, C.A. No. 1:09–213.**

**MDL No. 2090.**

United States Judicial Panel on Multidistrict Litigation.

Oct. 16, 2009.

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR. and FRANK C. DAMRELL, JR., Judges of the Panel.

### TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Plaintiff in the District of New Hampshire action has moved, pursuant to 28 U.S.C. § 1407, for

coordinated or consolidated pretrial proceedings of this litigation in the District of New Hampshire. Plaintiffs in the District of Minnesota action and defendants suggest centralization in the District of Minnesota.

This litigation currently consists of two actions pending in two districts, one action each in the District of Minnesota and the District of New Hampshire.[1]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the District of Minnesota will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions relating to an alleged conspiracy between the two largest wholesale grocers in the United States to fix prices for wholesale grocery products. Centrali-

zation will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

We are persuaded that the District of Minnesota is an appropriate transferee district. The first-filed action is pending there, and pretrial proceedings in that action have proceeded efficiently.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending in the District of New Hampshire is transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Ann D. Montgomery for coordinated or consolidated pretrial proceedings with the action pending there.

---

1. The parties have notified the Panel that an additional related action is pending in the Northern District of Illinois. This action is a potential tag-along action. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).